BAZIL HOROSZKO v. STEPHANIA KLIMKO

COURT OF COMMON PLEAS   NEW LONDON COUNTY   FILE No. 10207

Memorandum filed March 28, 1946.

*George H. Strouse, Jr.,* of Norwich, for the Plaintiff.

*Edward G. McKay,* of Norwich, for the Defendant.

FITZGERALD, J.   Plaintiff and defendant are father and married daughter. In this action the plaintiff is seeking to have set aside a conveyance by him to the defendant of a one-half interest in certain real estate located in the town of Norwich, village of Taftville. The complaint is in two counts. The gist of the first count is that the conveyance was made upon the mutual promises of the plaintiff not to remarry and of the defendant to perform certain household duties and to pay certain current obligations such as taxes and mortgage interest. The gist of the second count, in addition to the foregoing, is that the defendant in making her promises did so with the intent to defraud the plaintiff and thereby induced him to convey title. It appears that the conveyance in question · runs from the plaintiff to the defendant and his son as of January 3, 1945. Both counts recite that the defendant has neglected and refused to perform her promises and threatens to evict the plaintiff from the property.

Upon the entire evidence the court is unable to find that the defendant at the time of the conveyance had any intention of obtaining title in her name and her brother's name upon any fraudulent pretext. The plaintiff, her father, became a widower in December, 1943. The house was designed for occupancy by

two families. At that time the defendant occupied one part and the plaintiff continued to occupy alone the other part. So far as appears the defendant initially intended in good faith to keep her promises of looking after her father's quarters and doing some cooking for him.

The court finds that the real difficulty between the parties came about some few months after the conveyance when the plaintiff showed an interest in a woman whom he ultimately married in December, 1945, after this action was commenced. The defendant resented the plaintiff's interest in this woman and ceased to do for him those household duties she had promised to undertake.

The court further finds that at the time of the mutual promises between the parties (actually the plaintiff's only promise was to convey title to his daughter and son) it was not contemplated one way or the other that the plaintiff there-after might form an affectionate attachment resulting in mar-riage. He was a lonely man of over sixty and that event hap-pened which was not considered by the parties at the time of their mutual promises, namely, the plaintiff's attachment to a woman which culminated in his marriage to her subsequent to the instituting of this action but before trial.

In passing it may be noted that the plaintiff owns no other property but a small lot. The man truly is in a bad fix and his daughter, the defendant, gives every indication of being a heart-less woman devoid of any affectionate feeling where her father is concerned. But cases must be decided on the record. Extra-neous considerations do not come within the orbit of the judicial function.

Plaintiff must fail in this action. Neither the pleadings nor the proof sanction the entering of a decree. It may well be that the plaintiff in another kind of action can go forward under a claim of a resulting trust in his favor. The equities should weigh in his direction. Whether that is sufficient is not the question now before the court. If another kind of action should be considered by the plaintiff, thought should be given to making the son a codefendant. Without attempting to tres-pass upon any future course of litigation the court feels that it should refer plaintiff's counsel to the case of *Van Auken* v. *Tyrrell,* 130 Conn. 289, and particularly to the Supreme Court record in that case which contains able briefs replete with

citations. In short, the plaintiff will have to revamp his approach to the problem to come within range of accomplishing the end desired.

Judgment in this action must enter for the defendant.